FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 SEP 12 A 9:49

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| **JOSE DAVID CONTRERAS,** | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-16-1415 |
| **RICHARD GRAHAM, JR.,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

**I.   Background**

On May 11, 2016, the Court received for filing a self-represented "Emergency Petition for Injunctive Relief" filed by Jose David Contreras, a state inmate currently housed at the Western Correctional Institution ("WCI"). Contreras alleged that on March 17, 2016, he was attacked and stabbed by several unidentified prisoners at WCI, medically treated for his injuries, and placed on administrative segregation pending an investigation into the matter. ECF No. 1. The following month, he was informed by case management personnel that because no "culprit" had been caught, he was to be transferred out of WCI. Contreras claimed, however, that on May 4, 2016, WCI Corporal Winebrenner informed him that he was going to be sent back to general population pending available bed space and a transfer out of WCI was not necessary because Contreras was not able to identify his attackers. Contreras argued that he "will face imminent injury of another attack…if he

is returned to the general population…" He sought to enjoin his return to general population and requested a transfer out of WCI to a "suitable" facility. *Id*.

The Petition was construed as a 42 U.S.C. § 1983 civil rights action and on May 16, 2016, counsel for the Maryland Department of Public Safety and Correctional Services ("DPSCS") was ordered to file a show cause response to the Complaint to provide verified information regarding Contreras' safety and housing situation. ECF No. 2. Contreras was directed to remit the $400.00 filing fee or to move to proceed *in forma pauperis*. *Id*.

To date, Contreras has filed neither the civil filing fee nor an *in forma pauperis* application. On June 13, 2016, counsel filed a Show Cause Response. ECF No. 4. The response relied on exhibits filed outside the scope of the pleading and substantively responded to Contreras' allegations regarding his safety and DPSCS housing. It was treated as a motion for summary judgment and under the dictates of *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), Contreras was placed on notice of the re-characterization of counsel's filing and of his entitlement to file an opposition response with materials in support thereof. ECF Nos. 5 & 6. He was granted an additional period of time to file a responsive pleading. As of the within signature date, Contreras has not filed an opposition.

II. **DEFENDANTS' SHOW CAUSE RESPONSE (MOTION FOR SUMMARY JUDGMENT)**

A. **STANDARD OF REVIEW**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Additionally, no genuine issue of material fact will be found if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

To allege a constitutional failure-to-protect claim, Contreras must demonstrate the ways in which Defendants knew of and disregarded an excessive risk to his health and safety. Defendants must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, Defendants must have knowledge both of the risk of harm and also that their conduct is inappropriate in light of that risk. *See Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997). Moreover, Contreras must allege ways in which Defendants' actions (or inactions) resulted in "serious or significant physical or emotional injury." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).

Under the law in this Circuit, the party seeking a preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-24 (2008); *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F. 3d 342, 346-47 (4th Cir. 2009), *cert. granted, judgment vacated*, 559

U.S. 1089 (2010), *adhered to in part sub nom, The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010).

B.   ANALYSIS

According to Defendants, Contreras's allegations that he was attacked and stabbed by unknown assailants are contrived and "undermined" by the medical records. Contreras was medically evaluated by Nurse Cortez two days after the alleged attack on March 19, 2016. She reported that Contreras had informed her that his cell mate had inflicted the wounds the day before. She found the wounds to the lip, chest, right arm and right shoulder to be a "superficial injury to the skin" and that they appeared older than 24 hours. ECF No. 4-1 at 14-18. On April 17, 2016, Contreras was seen by Dr. Stallworth for a follow-up provider visit. No infection was noted and Contreras had no complaints of pain or other symptoms related to his injury. *Id*. at 20-21. Stallworth noted that the puncture wounds to Contreras' left upper lip, left arm, left scapula and interior chest wall were well healed. *Id*.

WCI Lieutenant McKenzie affirms that on March 19, 2016, he was informed by Contreras that he had been assaulted. No staff had witnessed the incident and Contreras could not give McKenzie any specifics as to when or where it occurred, what kind of weapon was used, who assaulted him, or why he would be assaulted. ECF No. 4-2 at McKenzie Decl. McKenzie maintains that Contreras was placed on administrative segregation pending an investigation into his claims. Although Contreras informed medical staff that he was attacked by his cell mate, he told McKenzie during a re-interview that he was assaulted by multiple assailants, but could not identify them, or discuss how many there were, when it occurred, or what type of weapon was used. McKenzie completed his investigation on May 3, 2016. Due to inconsistent and vague information, he could not

verify Contreras' claims. He recommended that Contreras be removed from administrative segregation. Contreras was removed from administrative segregation on May 4, 2016. *Id.*

Contreras has failed to show that he will succeed on the merits of his case and that he is subject to immediate and irreparable harm if emergency relief is not granted. There is no demonstration of deliberate indifference on the part of WCI staff. Contreras was placed on administrative segregation for approximately 45 days pending an investigation into his claims. The unrefuted record shows that his allegations were inconsistent and could not be substantiated. Injunctive relief is not warranted and the case shall be dismissed.

## III.   CONCLUSION

For the foregoing reasons, the Court will, by separate Order GRANT Defendants' court-construed Motion for Summary Judgment and SHALL DISMISS the Complaint.

Date: September 12, 2016.

GEORGE J. HAZEL
United States District Judge